**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENZELL METCALF, | No. 21-16594 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00809-DAD-BAM |
| v. | |
| C. HUCKLEBERRY, Sgt.; M. BURKFIT, Correctional Officer; M. FRANCO, Correctional Officer; M. MARQUEZ, Correctional Officer, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

California state prisoner Denzell Metcalf appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging failure to protect.  We have jurisdiction under 28

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment because Metcalf failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Ross v. Blake*, 578 U.S. 632, 638, 643-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before filing an action, and describing limited circumstances in which administrative remedies are unavailable); *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'" (emphasis in original)).

We are unpersuaded by Metcalf's contention that the district court erred in considering Metcalf's objections to the magistrate judge's findings and recommendations despite recognizing that Metcalf's objections were missing pages.

**AFFIRMED.**

21-16594